UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LEGISTINE NORTH, ET AL**                              **CIVIL ACTION**

**VERSUS**                                              **NO. 07-9255**

**JEFFERY E. TRAVIS**                                   **SECTION: "F"(5)**

### REPORT AND RECOMMENDATION

Plaintiffs, Legistine North, Coindell Bryant, and John Smith, were all prisoners incarcerated in Rayburn Correctional Center on November 14, 2007, the date they filed this pro se and in forma pauperis complaint.[1] The sole defendant named in this action is Jeffery Travis, the Warden at Rayburn Correctional Center. Plaintiffs claim that defendant's action in prohibiting extended lockdown prisoners from freely obtaining books, magazines and newspapers, and from issuing more than two letters per week, is violative of their constitutional rights. This matter is before the court pursuant to defendant's motion for summary judgment (rec. doc. 67), along with a motion for summary judgment filed on behalf of plaintiffs, Coindell Bryant and John Smith (rec. doc. 30).

---

[1]This November 14, 2007 filing date was ascertained via the court's use of the "mailbox rule." Under this rule, a pleading filed by prisoners acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). A date stamp on the envelope containing plaintiffs' complaint reflects that it was provided to Rayburn Correctional Center officials for mailing on November 14, 2007.

In reviewing a motion for summary judgment, the court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In his motion for summary judgment, defendant argues that plaintiffs' action should be dismissed due to their failure to exhaust their administrative remedies as required by 42 U.S.C. §1997e(a). This statute, which was enacted in 1996 by the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Exhaustion is mandatory in cases covered by §1997e(a). Porter v. Nussle, 534 U.S. 516, 524 (2002).

The PLRA precludes an inmate from filing suit before the administrative remedy process has been fully exhausted.  Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998), cert. denied, 526 U.S. 1133, 119 S.Ct. 1809, 143 L.Ed.2d 1012 (1999), abrogated in part and on different grounds, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); Troquille v. Griffith, Civ. Action No. 07-3934, 2007 WL 2809909, *3 (E.D. La. Sept. 24, 2007); Oestriecher v. Wallace, Civ. Action No. 07-1044, 2007 WL 4233690, *4 (E.D. La. Nov. 27, 2007).  If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915.  See Underwood, 151 F.3d at 296; Wiley v. Mangrum, 146 Fed. App'x 757 (5th Cir. 2005); Johnson v. Travis, Civ. Action No. 07-213, 2007 WL 1433896, *2 (E.D. La. May 14, 2007).

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter, 534 U.S. at 532 (emphasis added).  The Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."  Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).  The United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth."  Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

3

The instant action concerns plaintiffs' complaints regarding regulations governing prisoners in extended lockdown at Rayburn Correctional Center, a prison operated by the Louisiana Department of Public Safety and Corrections. In such facilities, there exists a two-step administrative remedy procedure. 28 La. Reg. 857 (Apr. 20, 2002) (codified at La. Admin. Code tit. 22, pt. I, § 325). "At the first step, an inmate submits his grievance to the warden within ninety days of the incident giving rise to the complaint. The warden generally has forty days in which to respond. If the warden fails to respond, or if the inmate is dissatisfied with the warden's response, the inmate may proceed to the second step by requesting review of the matter by the Secretary of the Louisiana Department of Public Safety and Corrections. The Secretary generally has forty-five days in which to respond. La. Admin. Code tit. 22, pt. I, § 325." Walker v. Seal, Civ. Action No. 06-1300, 2007 WL 1169364, *1 (E.D. La. Apr. 19, 2007). Only after the completion of both steps may an inmate seek relief in federal court. Id. at *2.

In the pertinent complaint (rec. doc. 1), the allegation is made that a grievance, RCC-2007-512, regarding the claim which forms the subject matter of this lawsuit, was filed and all steps of the administrative remedy procedure were exhausted. The complaint make no reference to any other grievance. However, defendant, in connection with his motion for summary judgment, provides the court with a copy of grievance RCC-2007-533 (rec. doc. 67-6), which concerns the claim at issue and was filed on November 27, 2007, by plaintiff, John Smith.

In connection with his motion for summary judgment, defendant argues, and submits evidence reflecting, that administrative remedy grievance RCC-2007-512, signed by Legistine North and purportedly filed on behalf of both North and co-plaintiff, Coindell Bryant, was not exhausted

prior to the date the instant action was filed. While the grievance was filed on November 8, 2007, approximately one week prior to the filing of plaintiffs' civil rights lawsuit, the two-step administrative grievance procedure was not exhausted. Specifically, the first step of the grievance procedure was not completed until December 18, 2007, and the second and final step was not completed until January 18, 2008. (See rec. doc. 67-4). Plaintiffs have neither disputed the foregoing summary judgment evidence nor provided their own evidence to rebut it.

With regard to administrative remedy grievance RCC-2007-533, filed by plaintiff, John Smith, defendant argues, and submits evidence reflecting, that the grievance was not filed until November 27, 2007, approximately two weeks after the instant action was filed. (See rec. doc. 67-6). Again, plaintiffs have neither disputed the above evidence supporting defendant's motion for summary judgment nor provided their own evidence to rebut it.

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that defendant's motion for summary judgment (rec. doc. 67) be **GRANTED** and that plaintiffs' claims be **DISMISSED WITHOUT PREJUDICE**, but with prejudice for the purpose of proceeding in forma pauperis pursuant to 28 U.S.C. §1915.

It is further **RECOMMENDED** that the motion for summary judgment filed by plaintiffs, Coindell Bryant and John Smith (rec. doc. 30), which consists of a reiteration and elaboration of the allegations set forth in their complaint, devoid of any supporting, undisputed facts, be **DENIED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 2nd day of October, 2008.

*[signature]*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE